UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER MIR,<br><br>　　　　　　Defendant. | Case No. 16-cr-00382-HSG-21<br><br>**ORDER DENYING MOTION FOR RELEASE**<br><br>Re: Dkt. No. 1232 |

Upon motion of [x] the defendant [ ] the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is:

[ ] **GRANTED**

[ ] The defendant's previously imposed sentence of imprisonment of _____

　　is reduced to _____. If this sentence is less than the

　　amount of time the defendant already served, the sentence is reduced to a time served;

　　or

[ ] Time served.

If the defendant's sentence is reduced to time served:

　　　[ ] This order is stayed for up to fourteen days, for the verification of the

　　　　　defendant's residence and/or establishment of a release plan, to make

　　　　　appropriate travel arrangements, and to ensure the defendant's safe release.

|   |   |
|---|---|
| | The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or |
| [ ] | There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended. |

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ] probation or [ ] supervised release (not to exceed the unserved portion of the original term of imprisonment).

[ ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[ ] The conditions of the "special term" of supervision are as follows:

[ ] The defendant's previously imposed conditions of supervised release are unchanged.

[ ] The defendant's previously imposed conditions of supervised release are modified as follows:

1  [ ] **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

[x]  **DENIED** after complete review of the motion on the merits.

    [x]  **FACTORS CONSIDERED (Optional)**, if motion is Granted or Denied on the merits:

        **a.**  **Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements Issued by the United States Sentencing Commission in U.S.S.G. § 1B1.13**

[x] *Specific considerations:*

Defendant has administratively exhausted and thus satisfied the statutory prerequisites for seeking judicial relief. The Court considered Defendant Christopher Mir's arguments that the Court should find that extraordinary and compelling circumstances exist because of the COVID-19 pandemic and his health conditions, including obesity and hypertension.

        *b.*  **Applicable 18 U.S.C. § 3553(a) Factors** *(Mark all that apply)*

**[x]** The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):

| | |
|---|---|
| [ ] Mens Rea   [ ] Extreme Conduct | [ ] Dismissed/Uncharged Conduct |
| [ ] Role in the Offense | [ ] Victim Impact |

**[ ]** The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):

| | |
|---|---|
| [ ] Aberrant Behavior | [ ] Lack of Youthful Guidance |
| [ ] Age | [ ] Mental and Emotional Condition |
| [ ] Charitable Service/Good Works | [ ] Military Service |
| [ ] Community Ties | [ ] Non-Violent Offender |
| [ ] Diminished Capacity | [ ] Physical Condition |
| [ ] Drug or Alcohol Dependence | [ ] Pre-sentence Rehabilitation |
| [ ] Employment Record | [ ] Remorse/Lack of Remorse |
| [ ] Family Ties and Responsibilities | [ ] Other: *(Specify)* |

[ ] Issues with Criminal History: *(Specify)*

[x] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*

[x] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

3

[ ] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
[ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
[ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*
[ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
[x] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*
[ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

[x] *Specific considerations:*

Defendant is currently serving a 60-month sentence for his role in an interstate marijuana distribution and cultivation operation; has only served approximately one year; and has an anticipated release date of June 1, 2024. Defendant is 27 years old. Defendant refers to information in his Presentence Report to show that his body mass index ("BMI") is 34.9. Dkt. 1232 at 2. This BMI places Defendant in the obesity category and at "increased risk of severe illness" from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Mar. 10, 2021). Although it is less clear that Defendant currently suffers from hypertension, *see* Dkt. No. 1237 at 11, the Court acknowledges that Defendant has a reported history of high blood pressure and that certain types of heart conditions, including coronary artery disease and pulmonary hypertension, increase the risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Mar. 10, 2021). Despite the risks posed to Defendant by his health and confinement conditions, the section 3553(a) factors do not warrant early release. Defendant is 27 years old, well below the age identified by the CDC for increased risk of severe illness based on exposure to COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Feb. 1, 2021) (noting that the risk for severe illness increases with age, such that for example "people in their 50s are at higher risk for severe illness than people in their 40s," defining "older adults" as "aged 65 and older," and cautioning that "[t]he greatest risk for severe illness from COVID-19 is among those aged 85 or older."). The Court also notes that FCI Sheridan, where Defendant is serving his sentence, currently has zero active inmate cases of COVID-19 and only 5 active staff cases. *See* https://www.bop.gov/ coronavirus/ (last visited Apr. 2, 2021).

//

With regard to Defendant's arguments regarding his lack of a prior criminal history, the Court notes that Defendant was a willing participant in a large-scale drug trafficking organization. He pled guilty to drug trafficking and the possession of a firearm in furtherance of drug trafficking. Defendant's lack of a prior criminal history was reflected in the Court's decision to sentence Defendant to the statutory mandatory minimum sentence for the firearm offense plus a single day for the drug trafficking offense. Granting Defendant's motion would result in unwarranted sentencing disparities with other defendants convicted of the same crimes, including several of his co-defendants in this case. Accordingly, the Court finds that a further reduction in his sentence is not warranted under the circumstances presented on this record.

c. **Whether Defendant Is a Danger to the Safety of Another or to the Community, 18 U.S.C. § 3142(g)**

[x] the nature and circumstances of the offense (18 U.S.C. § 3142(g)(1))
[ ] the weight of the evidence against the person (18 U.S.C. § 3142(g)(2))
[ ] the history and characteristics of the person (18 U.S.C. § 3142(g)(3))
[ ] the nature and seriousness of the danger to any person or the community that would be posed by the person's release (18 U.S.C. § 3142(g)(4))
[ ] *Specific considerations:*

[ ] **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: 4/5/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge